DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SABLE PASS COMMUNITY ASSOCIATION, INC.,** a Florida not-for-profit corporation,
Appellant,

v.

**ROBERT E. CALL** and **CHRISTINE D. PITSOS-CALL, AS TRUSTESS TO THE CALL LIVING TRUST DATED JULY 11, 2022,**
Appellees.

No. 4D2024-3084

[March 25, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Ellen Feld, Judge; L.T. Case No. COWE23-003525.

Joseph G. Paggi III of Stevens & Goldwyn, P.A., Plantation, for appellant.

Erin Pogue Newell of Open Book Appeals, Fort Lauderdale, for appellees.

PER CURIAM.

Sable Pass Community Association Inc. appeals the circuit court's judgment for Robert E. Call and Christine D. Pitsos-Call, as trustees to the Call Living Trust. The Calls installed a chickee hut on their property. Simplified, the issue on appeal is whether they were required to obtain the approval of Sable Pass before installing the structure. Because we conclude approval was required, we reverse.

In April 2020, the Calls installed a large tiki-style awning or chickee structure on their lot. The structure runs along the entire back of the house and extends about ten feet outward from the home. At trial, the Calls testified that they did not obtain approval from Sable Pass before installing the structure. They testified that based on their own internet research they believed approval was not required. They relied on a Florida Statute that allows Native American tribes to erect chickee huts without building permits.

Under section 553.73(10)(i), Florida Statutes (2020), a chickee hut is defined as an open-sided wooden hut having a thatched roof of palm or palmetto, constructed by the Seminole or Miccosukee Tribe, and contains no electrical or plumbing equipment. Although the Calls claimed that the structure was a chickee hut, thus exempt from regulation under section 553.73(10)(i), Mr. Call admitted at trial that the structure incorporates non-wood materials, specifically electrical wiring.

After the structure was completed, the Calls submitted a retroactive application for architectural review, which included a letter stating, "what I did and why I did it without obtaining architectural review in the first place." Sable Pass denied the retroactive application.

Sable Pass filed a complaint for injunctive relief, seeking a court order requiring the Calls to remove the structure. After a bench trial, the circuit court entered judgment for the Calls. The court found that Sable Pass failed to present evidence to support the injunction and that it "needed testimony from the Board" to explain why the unauthorized structure was denied.

On appeal, Sable Pass first argues section 553.73(10)(i) only exempts a chickee hut from the Florida Building Code and does not apply to private deed restrictions. We agree. Section 553.73 merely creates an exemption from the Florida Building Code. Section 553.73 contains no language abrogating a private homeowners' association's authority. By accepting the Calls' defense that this administrative exemption shielded them from the declaration, the circuit court erroneously expanded a limited permit exemption into a total bar on private covenant enforcement. Section 553.73 contains no language abrogating a private homeowners' association's authority.

Section 553.73(10)(i) states that "[t]he following buildings, structures, and facilities are exempt from the Florida Building Code as provided by law. . . (i) Chickees constructed by the Miccosukee Tribe of Indians of Florida or the Seminole Tribe of Florida." *Id.* And "the term 'chickee' means an open-sided wooden hut that has a thatched roof of palm or palmetto or other traditional materials, and that does not incorporate any electrical, plumbing, or other nonwood features." The chickee hut at issue does not satisfy section 553.73(10)(i)'s requirements. And, even if the chickee hut did, section 553.73(10)(i)'s plain language applies only as a Florida Building Code exemption. Section 553.73(10)(i) does not create an exemption to private deed restrictions.

Next, Sable Pass argues the circuit court erred when it concluded the association unreasonably denied the Calls' request for retroactive permission to build the chickee hut. The circuit court denied Sable Pass' request for injunctive relief, concluding it "needed testimony from the Board" to explain why the unauthorized structure was denied. In so doing, the circuit court improperly shifted the burden to Sable Pass. Once Mr. Call testified that he failed to obtain approval before building the chickee hut, Sable Pass was entitled to a strong presumption of validity. The burden then shifted to the Calls to prove that enforcement was "unreasonable and arbitrary." *Killearn Acres Homeowners Ass'n, Inc v. Keever*, 595 So. 2d 1019, 1021 (Fla. 1st DCA 1992). The Calls failed to present sufficient evidence, merely testifying they had assumed they were exempt.

In conclusion, the circuit court's judgment for the Calls is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

KUNTZ, C.J., CONNER and SHAW, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**